**FILED**
Wednesday, 14 July, 2004  01:16:41 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **MICHELLE M. WALDEN,** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 04-2066 |
| **UNITED STATES POSTAL SERVICE,** ) | |
| ) | |
| **Defendant.** ) | |

# ORDER

**IT IS ORDERED HEREIN AS FOLLOWS:**

1. That this matter be, and hereby is, scheduled for a Rule 16 Scheduling Conference by **personal appearance** before U.S. District Judge Michael P. McCuskey and U.S. Magistrate Judge David G. Bernthal on **August 26, 2004, at 11:00 a.m.** at the U.S. Courthouse, 201 South Vine Street, **Urbana**, Illinois.

2. *Primary trial counsel for each party shall attend* and be prepared to discuss all issues listed in Rule 16 and 26 Fed.R.Civ.P.

3. Attorneys shall timely comply with Rule 26(1) Fed.R.Civ.P. A certificate of compliance should be filed, but the disclosures are NOT to be filed. [CDIL-LR 26.3 (A)].

4. A meeting pursuant to Fed.R.Civ.P. Rule 26(f) shall occur at least twenty-one (21) days before the scheduling conference is held.

5. The parties shall develop a proposed discovery plan[1] which shall be submitted to the Court not less than fourteen (14) days prior to the Scheduling Conference. Failure to timely submit a discovery plan may result in the cancellation of the discovery conference and assessment of costs.

6. Attorneys are advised that **requests for conversion** of the hearing to telephone conference are considered only where the parties have complied with this Order (see attached Memorandum). In the event the hearing is converted to telephone conference, counsel shall provide the Court with a telephone number where the party may be reached.

---

[1] A sample proposed discovery plan can be found at this court's website - www.ilcd.uscourts.gov/localrules.

7. *The Court is aware that there is a pending motion. It may not be able to resolve the motion prior to the Rule 16 scheduling conference. Nevertheless, in order to expedite the disposition of the case, the scheduling conference shall proceed if the motion is still pending.*

ENTER this 13th day of July, 2004.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE



**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

# M E M O R A N D U M

| | |
|---|---|
| **TO:** | **Counsel in Pending Cases** |
| **FROM:** | **Michael P. McCuskey**<br>**U.S. District Judge** |
| | **David G. Bernthal**<br>**U.S. Magistrate Judge** |
| **RE:** | <u>**RULE 16 CONFERENCES**</u> |

**I.    Introduction**

     Rule 16 conferences in the Urbana Division in the Central District of Illinois are a critical component of the court's case management system. It is the intention of the court to make the Rule 16 conference a meaningful undertaking with an eye toward accomplishing the goals set forth in FRCP 16(a). Customarily, both U.S. District Judge Michael P. McCuskey and United States Magistrate Judge David G. Bernthal participate. As the policy maker for the division, Judge McCuskey wants to make known his philosophy that he and Judge Bernthal are partners in the process. The joint appearances are also intended to afford counsel an opportunity to meet both judges, as the court's involvement in the case begins. This memo is intended to acquaint counsel with the matters typically discussed at a Rule 16 conference. The ranking of the subjects that follow is purely random.

**II.    Case Discussion**

     A.    Counsel should be prepared to engage in a frank discussion of the case. The Court will be familiar with the pleadings but will likely be interested in knowing more about the details. The Court will likely want to discuss the issues raised by the complaint, as well as matters included in affirmative defenses which have been raised. Any such discussion shall be undertaken pursuant to FRCP 16(c) which counsel are advised to review prior to the conference.

     B.    The Court will schedule cases for Rule 16 conference even when there are pending motions. If possible, the motions will be resolved prior to the conference. However, in many instances, it will not be possible to resolve all motions prior to the conference. Nevertheless, the conference will proceed. The

3

**Rule 16 Memo**  **Page 4**

        Court will not guarantee that oral argument on any pending motion will be allowed. (*See* VII(D) below). However, counsel should be prepared to answer questions the Court may have regarding any outstanding motion(s).

### III. Discovery Calendar

    A. Pursuant to the order setting the case for a Rule 16 conference, the parties are to have submitted a proposed discovery plan prior to the Rule 16 conference. As a general rule, the Court attempts to put each case on one of the three tracks.

        1. Uncomplicated cases should have a calendar which would allow for **trial within one year** of the Rule 16 conference.

        2. Most cases will have a calendar designed for completion **approximately 18 months** following a Rule 16 conference.

        3. Cases that are exceptionally complex or involve logistical problems such as the need to take depositions internationally will be allowed a **24 month calendar**.

    B. The Court will consider the proposed calendar submitted by counsel and make any changes necessary to conform the calendar to the track selected. In so doing the Court intends to be flexible in order to allow a reasonable time for completion of discovery. Subsequent requests for extension (even if by agreement) will be granted only under exceptional circumstances.

    C. In addition to the dates governing discovery, the Court will assign a final pretrial and trial date. Counsel should anticipate a trial date approximately four months after the deadline for filing case dispositive motions. Unless the parties consent to trial by the magistrate judge prior to or at the Rule 16 conference, the trial will be scheduled before Judge McCuskey. In the event of a consent, the trial will be placed on the calendar of Judge Bernthal.

    D. Following the Rule 16 conference, a written scheduling order will be entered.

### IV. Consent

    A. Both judges encourage consent to the magistrate judge. Judge McCuskey has a substantial criminal caseload which effects his ability to schedule civil cases. Because criminal cases take priority, it is possible that a civil case can be preempted by a last minute criminal setting in a case where the Court must afford a defendant the right to speedy trial. Judge McCuskey takes no offense if the parties wish to consent and Judge Bernthal takes no offense if they do not do so. Presently Judge McCuskey schedules up to five civil cases per civil setting. Accordingly, not everyone receives a "No. 1 setting." Judge Bernthal customarily

        sets only one trial at a time although in some situations, he has scheduled two.

    B.    The parties are cautioned to make the consent decision early in the proceedings. The Court will view a consent tendered a few months before trial as an effort to obtain a continuance. Those consents will be ignored and no order of reference entered.

**V.    Alternative Dispute Resolution**

    A.    The parties are reminded that they must consider some form of alternative dispute resolution. Currently, the Court offers three mechanisms.

        1.    The parties may request a judge-hosted **settlement conference**. A judge other than the assigned trial judge will be designated to host the settlement conference. Thus, in cases assigned to Judge McCuskey, Judge Bernthal and occasionally Judge Baker will host settlement conferences. In consent cases assigned to Judge Bernthal, Judge McCuskey and occasionally Judge Baker will host settlement conferences.

        2.    The Court will also offer a **summary jury trial or a summary bench trial**. These proceedings result in an advisory verdict designed to help counsel assess the value of the case.

            a.    The **summary jury trial** is a one-day proceeding involving no live witnesses. The attorneys are allowed an opportunity to tell the trier of fact what their evidence would be. Then they are allowed time to make a final argument. In a jury proceeding, the Court instructs the jury, which then retires for a fixed deliberation period. If the jury reaches a consensus, they return and report the verdict. If they are unable to reach a consensus, they return having filled out individual forms of verdict. Unless the parties stipulate to be bound by the verdict, this verdict is advisory only and does not become part of the court record.

            b.    The **summary bench trial** is essentially the same without the jury participation.

    B.    At the Rule 16 conference, the parties should be prepared to summarize their settlement discussions to date. The Court will want to know if the Plaintiff has made a demand and if there has been any response. Counsel should also be prepared to discuss the alternative dispute mechanism which they feel would be most appropriate for their case.

**VI.    Compliance With Scheduling Order**

    A.    The Court regularly receives requests to convert the Rule 16 conference from personal appearance to telephonic conference. Historically, those requests have been regularly denied.

        1.    If the parties have complied with the Court's order setting the scheduling conference by submitting their proposed discovery plan to the Court ten days prior to the scheduled conference, the Court will consider granting a request to conversion to telephone conference.

        2.    For those who fail to submit proposed plans prior to the hearing, requests for conversion to telephone conference will be denied.

        3.    In those rare instances where counsel appear for the Rule 16 conference without a plan, the Court will either continue the matter to a new date or allow counsel a conference room in which to meet and prepare their plan. The Court will resume the case when the Court's schedule allows. This may result in counsel waiting several hours before the Rule 16 conference resumes in open court.

**VII.**    **Miscellaneous Information**

    A.    All scheduling in the Urbana Division is done by the judges' secretaries.

    B.    Michele Babb, secretary to Judge McCuskey, can be contacted at 217/373-5837. Judge McCuskey's fax is 217/373-5855.

    C.    Teresa Cronk, secretary to Judge Bernthal, can be contacted at 217/373-5839. Judge Bernthal's fax is 217/373-5840.

    D.    The Court does not schedule oral argument on motions. Motions are taken under advisement and ruled upon by the Court without oral argument. Any attorney desiring oral argument should make a request in writing as part of the motion or response. If the Court deems oral argument appropriate, the Court will schedule the matter for argument. However, counsel are advised that such requests are rarely granted.

*H:\ORDER\walden v us postal.dc.wpd*