E-FILED
Friday, 22 October, 2004  10:37:24 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| **MICHELLE M. WALDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **Case No. 04-2066** |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

In April 2004, Plaintiff, Michelle Walden, filed a Complaint (#1) and an Amended Complaint (#5) against Defendant, United States Postal Service, alleging breach of contract and detrimental reliance on a promise. In July 2004, Defendant filed a Motion To Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Failure To State a Cause of Action (#10). In September 2004, Defendant filed a Motion To Strike Plaintiff's Jury Demand (#17). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant United States' Motion To Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Failure To State a Cause of Action **(#10)** be **GRANTED** and that Defendant's Motion To Strike Plaintiff's Jury Demand **(#17)** be **GRANTED**.

**I. Background**

The following background is taken from the complaint. Plaintiff alleges that she entered into a Stipulation and Settlement Agreement with Defendant in November 1998. Paragraph 2 of the agreement provided as follows: "The complainant will be allowed the use of platform trucks, 'knutting truck,' to load her vehicle." Paragraph 4 provided, in pertinent part, as follows: "The Agency will honor the complainant's current medical restrictions." Paragraph 11 provides as follows: "The parties agree that the Equal Employment Opportunity Commission will retain jurisdiction of this case for the sole purpose of enforcing the provisions of this Stipulation and Settlement Agreement." Plaintiff alleges that Defendant has failed to comply with Paragraphs 2

and 4 of the agreement and, as a result, Plaintiff has incurred physical injuries to her spine, knee, and ankle.

## II. Standard

When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claims, and draw all reasonable inferences in the light most favorable to the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the case only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III. Analysis

Defendant argues that the Court should dismiss the case because Plaintiff has failed to allege that she exhausted administrative remedies. In addition, Defendant states that Plaintiff failed to allege a basis for federal jurisdiction.

Ordinarily, a plaintiff must exhaust administrative remedies before seeking relief from federal employers in federal court. *Westmoreland v. Dep't of Veterans Affairs*, No. 99 C 7422, 2001 WL 876230, at *4 (N.D. Ill. March 13, 2001) (stating that claims brought under the Rehabilitation Act require exhaustion of remedies), citing *Smith v. United States Postal Serv.*, 742 F.2d 257, 258-62 (6th Cir. 1984) (holding that exhaustion of administrative remedies is a prerequisite to claims brought under Sections 501 or 504 of the Rehabilitation Act). Exhaustion of administrative remedies against a public employer is not a jurisdictional requirement, but is a precondition to bringing a claim in federal court. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990); *Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000).

Circuits differ as to whether a party to a settlement agreement entered into under the Equal Employment Opportunity Commission's (hereinafter "EEOC") supervision is required to exhaust administrative remedies when the agreement is silent on that point. *See Manos v. Geissler*, 321 F. Supp. 2d 588, 597 (S.D.N.Y. 2004) (listing cases); *Ramirez v. Runyon*, 971

F.Supp. 363, 369 (C.D. Ill. 1997) (finding that a plaintiff must exhaust the EEOC's established processes before seeking relief in federal court for alleged breach of a settlement contract); s*ee also* 29 C.F.R. §§ 1614.504(a) ("If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance . . ."), 1614.401(e) ("A complainant, agent or individual class claimant may appeal to the Commission an agency's alleged noncompliance with a settlement agreement or final decision in accordance with § 1614.504.").

However, in this case, the agreement provides that the EEOC "will retain jurisdiction of this case for the sole purpose of enforcing the provisions of this Stipulation and Settlement Agreement." (Agreement, ¶ 11.) Therefore, the Court concludes that Plaintiff was required to exhaust her administrative remedies before filing suit in federal court.

An exception to the exhaustion requirement exists when further administrative appeal is futile. *See Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996). For example, the futility exception may apply where the agency cannot provide an adequate remedy or where it is patently futile to seek relief before the agency, where no issues of fact are presented or agency expertise is not involved, or where irreparable harm will result from further pursuit of administrative remedies. *See Castaneda v. Illinois Human Rights Comm'n,* 547 N.E.2d 437, 439 (Ill. 1989); *Pihl v. Massachusetts Dep't of Ed.*, 9 F.3d 184, 190 (1st Cir. 1993).

Plaintiff does not dispute that she failed to allege exhaustion of administrative remedies. Instead, in her response to the motion to dismiss, Plaintiff suggests that pursuing administrative remedies would have been futile. However, it is well established that a plaintiff cannot amend her complaint through arguments presented in her legal memoranda. *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint."). Because exhaustion of remedies is a precondition to filing suit, Plaintiff's complaint must

include allegations related to that requirement. Accordingly, the Court recommends granting Defendant's motion to dismiss with leave to amend. The Court also observes that Plaintiff's argument that it would be futile for Plaintiff to exhaust her administrative remedies at this point does not necessarily mean that administrative review of her claim would have been futile at the time Defendant initially breached the settlement agreement. Plaintiff's amended complaint should address this issue.

In addition, Defendant points out that Plaintiff failed to allege a basis for federal jurisdiction. Defendant suggests that federal jurisdiction may arise under the Rehabilitation Act of 1973 (29 U.S.C. § 701 *et seq.*). Federal courts are courts of limited jurisdiction and the Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." FED. R. CIV. P. 8(a). Accordingly, if Plaintiff chooses to amend her complaint, the amended complaint should include a statement of the basis for federal jurisdiction.

Regarding Defendant's unopposed Motion To Strike Plaintiff's Jury Demand (#17), the Court recommends that the motion to strike be granted on the basis of the authority submitted by Defendant in its memorandum.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendant United States' Motion To Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Failure To State a Cause of Action (**#10**) be **GRANTED** and its Motion To Strike Plaintiff's Jury Demand (**#17**) be **GRANTED**. Because it is conceivable that Plaintiff can amend her complaint to state a claim, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint consistent with this Recommendation within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days afer being served with a copy of this Report

and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 22nd day of October, 2004.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE

H:\Inbox\rec\walden v usps.04-2066.mtd#10.R&R.wpd