E-FILED
Wednesday, 01 December, 2004 04:31:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MICHELLE M. WALDEN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 04-2066 |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CAUSE OF ACTION

The United States of America, by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and David H. Hoff, Assistant United States Attorney, requests that this Court dismiss the plaintiff's second amended complaint for lack of subject matter jurisdiction and failure to state a valid cause of action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for the reasons explained herein and in the supporting memorandum filed simultaneously herewith.

1. This Court, on November 8, 2004, dismissed the plaintiff's amended complaint for lack of subject matter jurisdiction and failure to state a cause of action for the reasons explained in the Report and Recommendation of United States Magistrate Judge David Bernthal that was filed on October 22, 2004.

2. The Report and Recommendation approved by the district court allowed the plaintiff to file a second amended complaint within 14 days after the district court's approval of that Report and Recommendation.

3. The plaintiff, on November 22, 2004, filed a one count second amended complaint arising from the same facts and circumstances with the added allegation in

paragraph 14 of that document stating that "Therefore, it would be futile to seek enforcement of the agreement through administrative channels."

4. The plaintiff alleges that the Postal Service has breached the terms of an EEO settlement agreement by alleged actions of the Postal Service beginning in March 12, 1999. (¶¶ 9 and 10 of the Plaintiff's Second Amended Complaint)

5. Section 1614.504 of Title 29, Subtitle B, Chapter XIV of the Code of Federal Regulations mandates that a party must notify the EEO Director for the particular federal agency in writing of any breach of any administrative EEO settlement agreement within 30 days of when the complainant knew or should have known of the non-compliance. The agency then shall resolve the matter. If the matter is not resolved to the complainant's satisfaction, the complainant may appeal that issue to the Equal Employment Opportunity Commission. This administrative appeal must be filed within the later of 35 days after serving the agency with notice of the alleged settlement agreement breach or within 30 days of the complainant's receipt of the agency's determination. The complainant must serve a copy of the appeal on the agency, and the agency may submit a response to the Commission.

6. The plaintiff has not alleged in her complaint that she properly exhausted any of these administrative remedies prior to filing her instant complaint. "[T]he failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court" *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000).

7. Instead, the plaintiff claims it would be futile to pursue those administrative remedies.

8. Magistrate Judge Bernthal on page 3 of his Report and Recommendation adopted by the district court correctly noted that:

> However, in this case the agreement provides that the EEOC 'will retain jurisdiction of this case for the sole purpose of enforcing the provisions of this Stipulation and Settlement Agreement.' (Agreement, ¶11). Therefore, the Court concludes that Plaintiff was required to exhaust her administrative remedies before filing suit in federal court.

9. On pp. 3-4 of the Report and Recommendation, Magistrate Judge Bernthal acknowledged that the plaintiff should be allowed to amend her complaint and allege why it would have been useless at the time of the alleged breaches to pursue the above-outlined administrative remedies.

10. The plaintiff summarily has alleged in paragraph 14 of the Second Amended Complaint "Therefore, it would be futile to seek enforcement of the agreement through administrative channels."

11. Even with the limited requirements of notice pleading, the plaintiff does not allege a valid basis for this Court to excuse the plaintiff's failure to either ask the employer to remedy the alleged breaches or then administratively seek relief from the Equal Employment Opportunity Commission if the plaintiff and employer were not able to resolve any such disputes. Similarly, the plaintiff does not allege why the plaintiff should be allowed to disregard the terms of the settlement agreement that the plaintiff voluntarily entered into with the Postal Service, wherein the plaintiff specifically agreed that the Equal Employment Opportunity Commission would "retain jurisdiction of this case for the sole purpose of enforcing the provisions of this Stipulation and Settlement Agreement. " (Agreement, ¶ 11)  Likewise, the plaintiff does not explain how this Court has subject matter jurisdiction to consider in 2004 breaches allegedly occurring in 1999 that never were administratively pursued in compliance with the plaintiff's settlement agreement.

12. A party to a contract should not be allowed to pick and choose which portions of a settlement agreement the party will honor in the future. Instead, the plaintiff should be required to specifically comply with the terms of the agreement and

timely file alleged breaches of the settlement agreement within the time frames outlined in paragraph 5 of this motion, that is again alleged and incorporated herein by reference.

13. Independent of this argument, the plaintiff does not cite any authority giving this Court subject matter jurisdiction to consider de novo alleged breaches of a settlement agreement that occurred as early as March 1999, more than five years before the plaintiff commenced this action in district court.

WHEREFORE, the United States of America respectfully requests that the plaintiff's second amended complaint be dismissed for lack of subject matter jurisdiction and failure to state a cause of action.

>Respectfully submitted,
>
>JAN PAUL MILLER
>UNITED STATES ATTORNEY
>
>BY:   s/David H. Hoff
>         DAVID H. HOFF
>         United States Attorney
>         201 S. Vine St., Suite 226
>         Urbana, IL 61802
>         Phone: 217/373-5875
>         Fax: 217/373-5891
>         david.hoff@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on the 1st day of December 2004, I electronically filed the Defendant's Motion for Extension of Time to File Responsive Pleading or Answer to Second Amended Complaint Pending Resolution of Defendant's Motion to Dismiss Said Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Robert I. Auler
    Auler Law Office, P.C.
    202 West Green Street
    Urbana, IL 61801

s/David H. Hoff
DAVID H. HOFF
United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Phone:  217/373-5875
Fax: 217/373-5891
david.hoff@usdoj.gov