E-FILED
Wednesday, 01 December, 2004 04:34:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MICHELLE M. WALDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 04-2066 |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR
LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE
TO STATE A VALID CAUSE OF ACTION**

The United States of America, by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and David H. Hoff, Assistant United States Attorney, requests that this Court dismiss the plaintiff's second amended complaint filed on November 22, 2004, for lack of subject matter jurisdiction and for failure to state a valid cause of action for the reasons herein.

The plaintiff, an employee of the United States Postal Service, has filed a second amended complaint after this court dismissed the plaintiff's first amended complaint on November 8, 2004, for lack of subject matter jurisdiction and for failure to state a cause of action.

The Report and Recommendation adopted by this Court correctly recommended that the amended complaint be dismissed because the plaintiff did not either exhaust or allege a valid basis for not exhausting the otherwise required administrative remedies which are a precondition to bringing this type of suit. (See Report and Recommendation filed October 22, 2004)

This second amended complaint continues to seek damages for alleged breaches by the Postal Service of a voluntary administrative settlement agreement that resolved her then pending administrative EEO complaint. (See plaintiff's second amended complaint and the Stipulation and Settlement Agreement attached to the plaintiff's previous amended complaint as Exhibit A).

Paragraph 11 of that Agreement, in compliance with the applicable federal law, summarized hereinbelow clearly stated that:

> 11. The parties agree that the Equal Employment Opportunity Commission will retain jurisdiction of this case for the sole purpose of enforcing the provisions of this Stipulation and Settlement Agreement.

That provision complies with § 1614.504 of Title 29, Subtitle B, Chapter XIV, of the Code of Federal Regulations. This regulation requires a party to such a settlement agreement to notify the EEO Director in writing of any alleged breach of that agreement within 30 days of when the complainant knew or should have known of the alleged breach. The remainder of the regulation then dictates the time frame and manner in which the complaint of the alleged breach is administratively resolved and how the complainant properly exhausts his or her administrative remedies.

In this case, the plaintiff has not alleged in her amended complaint that she either has followed this administrative process or exhausted her administrative remedies. Instead, she summarily alleges that now in 2004 she should be excused from following the administrative process and exhausting her administrative remedies in March 1999, more than five years before the plaintiff commenced this district court action.

The second amended complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a cause of action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

"[T]he failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court" *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). Also, as explained in *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003):

> Normally one must exhaust before rather than after suing. . . . Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies, 42 U.S.C. § 2000e-16(c), which means not until he has received a right-to-sue letter from the EEOC, signifying that the EEOC will not provide him with any relief. If plaintiffs could sue before then, the time of the courts and of lawyers would be wasted with cases that ended up being resolved or abandoned at the administrative level"

Also see *Brown v. General Services Administration*, 425 U.S. 820, 831-33 (1976) for the general proposition that the Congressional intent was to create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination.

3

The fact that the plaintiff has couched her second amended complaint as summarily claiming in November, 2004 that it would have been useless in 1999 to seek those administrative remedies does not allow the plaintiff to (1) ignore this administrative process; (2) summarily breach the terms of the voluntary Settlement Agreement negotiated with the Postal Service wherein the plaintiff contractually agreed that the Equal Employment Opportunity Commission would have continuing jurisdiction to resolve all such alleged breaches of the settlement agreement; or (3) to summarily allege without any legal authority that this Court has subject matter jurisdiction and that the plaintiff's second amended complaint states a valid cause of action to consider in 2004 alleged violations of a settlement agreement that occurred in 1999, more than five years before the district court complaint was filed.

The plaintiff claims in paragraph 16 of the second amended complaint that "plaintiff's supervisors remain prejudiced against Defendant and unwilling to implement any reasonable accommodation for Plaintiff absent compulsion of judicial process."

Even if that allegation was true, the fact does not explain why the Equal Employment Opportunity Commission, who the plaintiff contractually agreed should resolve these issues, is not either capable of or the proper tribunal to resolve these

alleged breaches of the contract. The plaintiff worked for the Postal Service. The Equal Employment Opportunity Commission is the federal administrative body Congressionally charged with the administrative responsibility to resolve these issues. The plaintiff asks this Court to assume the administrative duties that Congress has placed within the purview of the Equal Employment Opportunity Commission and to render those procedures a nullity.

The second amended complaint also fails to allege a timely jurisdictional basis to bring in April 2004 this case to federal district court. It is universally recognized that actions alleging disability discrimination against the United States must be brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. ("Rehab Act") The relevant statutory provisions are as follows:

A. Section 501 (29 U.S.C. § 791((b)): This section provides that federal agencies must prepare "an affirmative action program for the hiring, placement, and advancement of individuals with disabilities in such department. . . . Such plan shall include a description of the extent to which and methods whereby the special needs of employees who are individuals with disabilities are being met. The Court of Appeals for the Seventh Circuit has held that this particular section of the Rehabilitation Act creates the exclusive right of action for federal employees who suffer alleged disability discrimination in the course of their employment. *See Johnson v. Runyon*, 47 F.3d 911, 917 n.5 (7th Cir. 1995). In *McGuiness v. United States Postal Service*, 744 F.2d 1318, 1321 (7th Cir.1984), the Court stated that:

> It is unlikely that Congress, having specifically addressed employment of the handicapped by federal agencies . . . . in section 501, would have done so again a few sections later in section 504.  Moreover, . . . . section 505 does not make Title VII remedies available to people complaining of a violation of 504; instead, in subsection (a)(2), it makes Title VI remedies available to them. . . Title VI remedies - which involve things like cutting off federal funds to the discriminator - - are not designed to help individuals.

B. Section 505 (29 U.S.C. § 794(a):  While sections 501 and 504 create the substantive right to nondiscrimination on the basis of a disability, section 505 creates the remedy for federal employees under the Act.  In pertinent part, that section provides:

> 1. 29 U.S.C. § 794a(a)(1): This section addresses violations of section 501 (§ 791) of the Rehab Act, and it incorporates the remedies and procedures applicable to Title VII actions against the United States pursuant to 42 U.S.C. § 2000e-16.

Because the plaintiff's second amended complaint is premised upon the Rehab Act, the plaintiff is required to plead that she timely exhausted the above outlined administrative remedies prior to filing suit in federal district court. See *McGuiness v. U.S. Postal Service,* 744 F.2d 1318, 1321 (7th Cir. 1984): "it would make no sense for Congress to provide . . . different sets of remedies, having different exhaustion requirements, for the same wrong committed by the same employer."

Also see *Smith v. U.S. Postal Service,* 742 F.2d 257 (6th Cir. 1984) and *Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990) which held that "private actions against federal government employers under the [Rehab] Act, whether brought under section 791 or 794, must satisfy 'the requirement of exhaustion in the manner prescribed by [794a(a)(1)] and thus by Title VII."  Similarly, "The ADA and the Rehabilitation Act . . .

6

. are interpreted consistent with Title VII." *Rothman v. Emory University*, 123 F.3d 446, 451 (7th Cir. 1997).

It is true that in limited circumstances a district court can assume jurisdiction and substantively consider a discrimination complaint if further administrative appeal is futile. See p. 3 of the Report and Recommendation citing *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir.1996). The Report and Recommendation then offered examples where that might be proper, such as where (1) the agency cannot provide an adequate remedy; (2) where it is patently futile to seek relief before the agency; (3) where no issues of fact are presented; (4) agency expertise is not involved; or (5) where irreparable harm will result from further pursuit of administrative remedies.

However, none of those situations cited by Magistrate Judge Bernthal excuse the plaintiff from failing to seek administrative remedies for more than five years after the Postal Service allegedly breached the terms of the Settlement Agreement and then summarily come to district court five years later initially seeking a resolution of these alleged breaches. Also, the plaintiff has not alleged any facts in the second amended complaint explaining why it would have been futile to timely seek administrative relief from the Equal Employment Opportunity Commission, when the plaintiff has allowed these alleged breaches to continue for more than five years before going to district court, and why the plaintiff should not be required to honor the terms of her own voluntary settlement agreement wherein she agreed that the EEOC would retain jurisdiction to resolve these exact same types of disputes.

For these reasons, the plaintiff's second amended complaint should be dismissed for lack of subject matter jurisdiction and failure to state a valid cause of action pursuant to Fed.R.Civ.Pro. 12(b)(1) and 12(b)(6).

Respectfully submitted this 1st day of December 2004.

                        JAN PAUL MILLER
                        UNITED STATES ATTORNEY


BY:    s/David H. Hoff
         DAVID H. HOFF
         United States Attorney
         201 S. Vine St., Suite 226
         Urbana, IL 61802
         Phone: 217/373-5875
         Fax: 217/373-5891
         david.hoff@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of December 2004, I electronically filed the Defendant's Motion for Extension of Time to File Responsive Pleading or Answer to Second Amended Complaint Pending Resolution of Defendant's Motion to Dismiss Said Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Robert I. Auler
    Auler Law Office, P.C.
    202 West Green Street
    Urbana, IL 61801

                                        s/David H. Hoff
                                        DAVID H. HOFF
                                        United States Attorney
                                        201 S. Vine Street, Suite 226
                                        Urbana, Illinois 61802
                                        Phone: 217/373-5875
                                        Fax: 217/373-5891
                                        david.hoff@usdoj.gov