IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| MICHELLE M. WALDEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 04-2066 |
| UNITED STATES POSTAL SERVICE, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION TO DISMISS**

**COMES NOW** Plaintiff, MICHELLE M. WALDEN, by her attorney, Auler Law Offices, P.C., and for her Amended Complaint, states as follows:

1. Plaintiff wishes not to burden the Court with redundant discussion, and the arguments already made over the two Motions to Dismiss in this case accurately frame the District Court's subject matter jurisdiction in cases where exhaustion of administrative remedies is futile.

2. Plaintiff's allegations of futility are more than summary, as Defendant contends. Plaintiff has made allegations of specific conditons that are legally sufficient to confer jurisdiction upon the Court. To wit, in Paragraphs 12 and 13, Plaintiff alleges that she became medically unable to do her job even with the help of administrative enforcement: "she can no longer work as a letter carrier even with the knutting trucks." Pl. 2d Amd Cplt. Par 13.

3. Plaintiff emphasizes that, inconsistent witth the Nation's policy of assisting the disabled, Plaintiff's supervisors and many of her co-workers consider her an economic and personal burden, and look upon her and treat her with great hostility, and have made calculated efforts to frustrate her endeavors to overcome her disability and seek those accommodations to which she is legally entitled for the purpose of the same. In truth, it took the time it did for Plaintiff to come to the District Court because Defendant would change its behavior, tell her one thing and do another, and respond to Plaintiff with static and noise to delay and obfuscate. For one example, some time after Plaintiff and Defendant made the Settlement Agreement on October 30, 1998,

Defendant avoided compliance by telling Plaintiff that it would have the required knutting truck for her to use on relocation to its new building in March of 1999, and then when March 1999 finally arrived, still no knutting truck.  See Plaintiff's First Amended Complaint, Par. 9, and Exhibit A thereto.  Plaintiff's entire experience with Defendant has been a chronicle of the same.  Plaintiff could not file until her cause of action accrued; her cause of action could not accrue so long as Defendant could maintain a believable pretense of accommodating her through administrative channels; amid such a smokescreen of avoidance finally realizing that no help is coming takes considerable time.

**WHEREFORE** Plaintiff respectfully requests that the Court deny Defendant's Second Motion to Dismiss.

Respectfully submitted,
Michelle Walden,
Plaintiff,

By:  /s Robert Auler
Robert Auler Bar Number: 0082074
Attorney for Plaintiffs
Auler Law Offices, P.C.
202 W. Green St.
Urbana, IL  61801
Telephone: (217) 384 3080
Fax: (217) 384 3022
Email: aulerlaw@yahoo.com

**AULER LAW OFFICES, P.C.**
202 West Green Street
Urbana, Illinois  61801
(217) 384-3080

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION**

| | |
|---|---|
| MICHELLE M. WALDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-2066 |
| UNITED STATES POSTAL SERVICE, | ) ) ) |
| Defendant. | ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>December 15, 2004</u>, I electronically filed the foregoing <u>Response to Defendant's Second Motion to Dismiss</u> with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>David H. Hoff</u>; and, I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: <u>(N/A, all parties represented by CM/ECF participants).</u>

/s Robert Auler
Robert Auler Bar Number: 0082074
Attorney for Plaintiffs
Auler Law Offices, P.C.
202 W. Green St.
Urbana, IL 61801
Telephone: (217) 384 3080
Fax: (217) 384 3022
Email: aulerlaw@yahoo.com