UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **MICHELLE M. WALDEN,**            ) | |
|                               **Plaintiff,**  ) | |
|    **v.**                                                                    ) | |
|                                                ) | **Case No. 04-2066** |
| **UNITED STATES POSTAL SERVICE,**   ) | |
|                                   **Defendant.**  ) | |

**REPORT AND RECOMMENDATION**

     In November 2004, Plaintiff, Michelle Walden, filed a Second Amended Complaint (#22) against Defendant, United States Postal Service.  In December 2004, Defendant filed a Motion To Dismiss Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction and Failure To State a Cause of Action (#23).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant United States' Motion To Dismiss Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction and Failure To State a Cause of Action **(#23)** be **GRANTED**.

**I.  Background**

**A.  Factual Background**

     The following background is taken from the complaint.  Plaintiff alleges that she entered into a Stipulation and Settlement Agreement with Defendant in November 1998.  Paragraph 2 of the agreement provided as follows:  "The complainant will be allowed the use of platform trucks, 'knutting truck,' to load her vehicle."  Paragraph 4 provided, in pertinent part, as follows:  "The Agency will honor the complainant's current medical restrictions."  Paragraph 11 provides as follows:  "The parties agree that the Equal Employment Opportunity Commission will retain jurisdiction of this case for the sole purpose of enforcing the provisions of this Stipulation and Settlement Agreement."  Plaintiff alleges that Defendant has failed to comply with Paragraphs 2 and 4 of the agreement and, as a result, Plaintiff has incurred physical injuries.

In her second amended complaint, Plaintiff alleges a single count, in which she includes allegations indicating that Defendant breached the terms of the Settlement Agreement, discriminated against Plaintiff based on disability, failed to provide a reasonable accommodation for her disability, and retaliated against Plaintiff for filing a claim with the Equal Employment Opportunity Commission.

### B.  Procedural Background

In April 2004, Plaintiff filed a Complaint (#1) and an Amended Complaint (#5) against Defendant, alleging breach of contract and detrimental reliance on a promise.  In July 2004, Defendant filed a motion to dismiss.  In November 2004, the Court dismissed the case because Plaintiff failed to allege that she exhausted administrative remedies and failed to allege a basis for federal jurisdiction.  (Order, #21, accepting Report and Recommendation, #20.)  With the Court's permission, Plaintiff subsequently amended her complaint.

## II.  Standard

When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claims, and draw all reasonable inferences in the light most favorable to the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the case only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendant argues that the Court should dismiss the case because Plaintiff has still failed to adequately allege that she exhausted her administrative remedies.  In addition, Plaintiff has not complied with the Court's order to allege a basis for federal jurisdiction.

In November 2004, the district court dismissed the case with leave to amend because Plaintiff had failed to allege that she exhausted administrative remedies.  (Order, #21.)  In its

Report and Recommendation, the Court explained the reasoning behind requiring exhaustion of remedies. The Report and Recommendation also stated as follows: "Plaintiff's argument that it would be futile for Plaintiff to exhaust her administrative remedies at this point does not necessarily mean that administrative review of her claim would have been futile at the time Defendant initially breached the settlement agreement. Plaintiff's amended complaint should address this issue." (#20, pp. 3-4.)

> Plaintiff has now amended her complaint to add the following paragraphs:
>
> 13. Plaintiff's conditions have grown so severe that the remedies provided for in the settlement agreement are no longer adequate. Specifically, she can no longer work as a letter carrier even with the knutting trucks.
>
> 14. Therefore, it would be futile to seek enforcement of the agreement through administrative channels.

(#22, ¶¶ 13-14.) These allegations address the issue of why it may <u>now</u> be futile for Plaintiff to seek a remedy under the settlement agreement, but they do not explain why Plaintiff failed to exhaust her administrative remedies at the time that Defendant initially breached the settlement agreement. In her memorandum, Plaintiff seems to be arguing that the failure to exhaust should be excused based on laches. She states that she delayed filing the case "because Defendant would change its behavior, tell her one thing and do another, and respond to Plaintiff with static and noise to delay and obfuscate." (Plaintiff's Response to Defendant's Second Motion To Dismiss, #27, p. 1.) As the Court pointed out in its previous Report and Recommendation, a plaintiff cannot amend her complaint through arguments presented in a legal memorandum. *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint."). Nevertheless, even if the Court considers the argument Plaintiff presents in her memorandum, the information provided explains why Plaintiff did not file her complaint prior to March 1999. It does not explain why Plaintiff did not file her claim until April 2004.

Exhaustion of administrative remedies against a public employer is a precondition to bringing a claim in federal court. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990); *Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000). An exception to the exhaustion requirement exists when further administrative appeal is futile. *See Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996). For example, the futility exception may apply where the agency cannot provide an adequate remedy, it is patently futile to seek relief from the agency, no issues of fact are presented, agency expertise is not involved, or irreparable harm will result from further pursuit of administrative remedies. *See Castaneda v. Illinois Human Rights Comm'n,* 547 N.E.2d 437, 439 (Ill. 1989); *Pihl v. Massachusetts Dep't of Ed.*, 9 F.3d 184, 190 (1st Cir. 1993).

Here, Plaintiff's amendments, although attempting to allege the futility exception, do not indicate that administrative review of her claim would have been futile at the time Defendant initially breached the settlement agreement. A plaintiff cannot wait until her injuries are so severe that the remedies provided for in a settlement agreement are no longer adequate and then claim futility. As a result, Plaintiff has failed to allege that she exhausted administrative remedies. In addition, Plaintiff's second amended complaint still lacks a statement regarding the basis for federal jurisdiction. Accordingly, the Court recommends granting Defendant's motion to dismiss. Because Plaintiff has already tried unsuccessfully to remedy these shortcomings, the Court further recommends that the complaint be dismissed without leave to amend and the case be terminated.

## IV. Summary

For the reasons set forth above, this Court recommends that Defendant United States' Motion To Dismiss Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction and Failure To State a Cause of Action **(#23)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days afer being served with a copy of this Report

and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

    ENTER this 3rd day of February, 2005.

                                                        s/ DAVID G. BERNTHAL
                                                        U.S. MAGISTRATE JUDGE

F:\CMECF\CV\6\walden v usps.04-2066.mtd#23.R&R.wpd