UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| MICHELLE M. WALDEN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 04-2066 |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
|     Defendant. ) | |

**OBJECTION TO REPORT AND RECOMMENDATION**

**NOW COMES** Plaintiff Michelle Walden, by counsel Auler Law Offices, P.C., and for her Objection to the Report and Recommendation filed February 3, 2005 (#28) (herein, "RR"), she states the following:

The RR found that Plaintiff did not set forth allegations in the Second Amended Complaint that address the issue of why it was futile for Plaintiff to seek a remedy under the Equal Employment Opportunity Commission ("EEOC") at the time she filed the complaint in this case. The RR found that Plaintiff did set forth such an explanation in her Response to Defendant's Second Motion to Dismiss (#27). The RR further found that Plaintiff could not amend her complaint through arguments presented in a legal memorandum. RR at 3. Thus the RR states that the Second Amended Complaint could be dismissed for not sufficiently stating why Plaintiff did not exhaust her administrative remedies at the time the breach of the November 1998 EEOC settlement agreement ("settlement agreement") occurred in March 1999.

If the Second Amended Complaint were dismissed for that reason, this Court should also grant leave to Plaintiff to file a Third Amended Complaint. Plaintiff does have an explanation for why she did not seek an EEOC remedy in March 1999. The problem is one of form, not substance: Plaintiff merely failed to include the required explanation in a complaint, including it instead in a memorandum. Due process standards

require that Plaintiff be given opportunity to amend the complaint to remedy this error of form.

The RR goes on to say that the explanation Plaintiff provides in the memorandum would be inadequate even if it were included in the pleadings. "[E]ven if the Court considers the argument Plaintiff presents in her memorandum, the information provided explains why Plaintiff did not file her complaint prior to March 1999. It does not explain why Plaintiff did not file her claim until April 2004." RR at 3.

To the contrary, Plaintiff's argument does explain why she did not file her complaint until April 2004, or at least why she did not file for some time after March 1999. That explanation is, as accurately stated by the RR, "that she delayed filing the case 'because Defendant would change its behavior, tell her one thing and do another, and respond to Plaintiff with static and noise to delay and obfuscate.' " RR at 3, citing Plaintiff's Response to Defendant's Second Motion to Dismiss, #27, p. 1.

The Second Amended Complaint alleges that Defendant did not breach the settlement agreement until March 1999, when Plaintiff was relocated to a new facility. Second Amended Complaint ¶¶ 9, 10. Plaintiff sought no EEOC remedy under terms of the settlement agreement prior to March 1999 because no breach had yet occurred at that time. Thus, the RR is <u>inaccurate</u> when it says Plaintiff's explanation for not seeking an EEOC remedy immediately after the breach occurred explains only why she "did not file her complaint prior to March 1999." It explains why she did not file her complaint for at least several months after March 1999 – she was seeking an amicable resolution to the problem with her employers.

Thus, one explanation Plaintiff will make in more detail in a Third Amended Complaint, therefore, is as follows: Once an actual breach occurred for which an EEOC remedy existed, Defendant took further advantage of Plaintiff by engaging in stall tactics, misrepresenting that the breach would be corrected.  Plaintiff was in a position, as an employee, that required her to be loyal to and cooperative with her employer and her supervisors as much as possible. Going over the head of an employer and of supervisors to a higher authority, even though such a remedy is available by agreement, is something a

good employee is disinclined to do by the very nature of the position. A loyal and cooperative employee will naturally try to accept the conditions her supervisors impose and work with the equipment they furnish. Otherwise that employee risks being seen as a hindrance to the workplace objectives.

If permitted to do so in a Third Amended Complaint, Plaintiff will also allege facts that support two additional explanations for why she did take steps to seek an EEOC remedy prior to April 2004.

One explanation is ineffective assistance of counsel. Shortly after the breach occurred in March 1999, Plaintiff consulted the attorney (not Plaintiff's current attorneys) who had represented her in reaching the settlement agreement, and asked for legal advice as to how to proceed. That attorney contacted the EEOC, which indicated to him that Plaintiff would virtually have to repeat the whole complaint process from the beginning. Based on that information, the attorney declined to represent Plaintiff in seeking the EEOC remedy. Plaintiff herself was not well versed in all the provisions of the settlement agreement and was ill-equipped to initiate the remedy process herself without legal representation. By the time Plaintiff found another attorney to take her case, it was after March 2003, Plaintiff suffered further injury as the result of the breach of contract by her employer, and the EEOC remedy would have done her no good. Furthermore, although Plaintiff hired her new attorneys for this matter in April 2003, they did not file the present court action until April 2004.

The second explanation is ineffective assistance from union representatives. Plaintiff will allege that she sought such assistance by approaching the president of the local chapter. The union president did attend one or more meetings between the employer's supervisors and Plaintiff, but in the end opted against providing adequate support to Plaintiff. This attempt to get union assistance took time and further delayed Plaintiff's efforts to get relief.

To summarize: This objection does not question the RR's conclusions of law, but rather its application of that law to the facts. The RR correctly states that Plaintiff is

required to allege, in her complaint, facts that explain why she did not seek an EEOC remedy at the time the settlement agreement was breached. The RR is incorrect, however, in concluding that the explanation Plaintiff provided in a memorandum would be inadequate if it were included in an amended complaint. Plaintiff's explanation is that Defendant's bad faith conduct took advantage of the natural loyalty and cooperation that is characteristic of a good employee, leading her to believe they would comply with the terms of the EEOC settlement agreement. This went on for several months after March 1999, the time at which the breach first occurred. When Plaintiff finally realized that the Defendant had no intention to comply with the agreement, she sought legal advice, but the attorney who had helped her secure the EEOC settlement agreement let her down by not representing her in seeking the EEOC remedy. Plaintiff also sought assistance from her labor union, but they too let her down. Plaintiff then sought another attorney to help her, and by the time she found one, it was March 2003 and too late for EEOC enforcement of the settlement agreement to provide effective relief.

**WHEREFORE**, Plaintiff prays, notwithstanding the RR: (A) that this Court DENY Defendant's Second Motion to Dismiss, on the ground that Plaintiff's Second Amended Complaint sufficiently alleges facts that explain why Plaintiff did not seek an EEOC contractual remedy at the time the breach first occurred; or (B) in the alternative, if this Court grants Defendant's motion, that this Court grant leave to Plaintiff to file a Third Amended Complaint in order to give Plaintiff an opportunity to more clearly allege the reasons why she did not seek the EEOC remedy at the time the breach first occurred.

Respectfully Submitted,
Michelle M. Walden, Plaintiff

/s Steve Thomas, Attorney
Auler Law Offices, P. C.

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2005 I electronically filed the foregoing Objection to Report and Recommendation with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **David H. Hoff**.

/s Steve Thomas, Bar No. 06270726

**AULER LAW OFFICES, P. C.**
(Attorneys for Plaintiff)
202 W. Green St.
Urbana, IL 61801
(217) 384-3080
Fax (217) 384-3022
email: aulerlaw@yahoo.com